COOK & BAKKA, INC., Respondent,

v.

CLOQUET VENTURES, INC., et al., Appellants,

Minnesota Power & Light Company, Defendant,

and

A.E.R., Inc., intervening defendant, Respondent.

No. 47040.

Supreme Court of Minnesota.

Aug. 12, 1977.

Geimer, Rice & Arnold, John D. Rice and Charles R. Carmichael, Minneapolis, for appellants.

Rudy, Wolf & Murphy, Floyd D. Rudy, and Dennis J. Seitz, Cloquet, for Cook & Bakka, Inc.

Hoolihan, Marrin & Neils, James W. Hoolihan and Roger D. Neils, St. Cloud, for A.E.R., Inc.

Heard before ROGOSHESKE, MacLAUGHLIN, and PLUNKETT, JJ., and considered and decided by the court en banc.

J. JEROME PLUNKETT, Justice.*

Cook & Bakka, Inc., commenced a mechanics lien foreclosure against Cloquet Ventures, Inc., the owner of a shopping center in the city of Cloquet. A.E.R., Inc., was allowed to intervene as an additional defendant and to file an additional mechanics lien on its own behalf. The other defendants in the proceedings had various leasehold or mortgage interests in the property. The trial court entered judgment favorable to the two mechanics lien claimants. Cloquet Ventures, Inc., and other defendants appeal. Finding no substantial error in the mechanics lien proceedings, we affirm in part and remand with directions.

Cloquet Ventures, Inc., was the fee owner of a tract of land consisting of approximately 5 acres and located within the city of Cloquet. During 1973, Cloquet Ventures, Inc., started to build a shopping center upon the premises and entered into contracts with Cook & Bakka, Inc., to do plumbing work and with A.E.R., Inc., to do heating and air conditioning work. Both of the lien claimants commenced working on the project in July 1973. The project was substantially completed by December 1973, at which time the shopping center opened for business. After that time, the claimants continued to perform minor work to correct deficiencies in the original contracts. Cook & Bakka, Inc., last worked on the project shortly after July 26, 1974, and filed its mechanics lien statement on September 25, 1974. A.E.R., Inc., performed work as late as December 10, 1974, and filed its lien statement on January 16, 1975. One of the appellants held a mortgage on the property which was dated October 31, 1973, and recorded on November 9, 1973. Several of the other appellants held leasehold interests in the shopping center, but there is no evidence either by pleadings or testimony that said interests were ever filed of record.

The trial court found that Cloquet Ventures, Inc., was indebted to the lien claimants in the amounts claimed and also ruled that the claimants' liens were superior to the rights of all the other parties holding leasehold and mortgage interests on the property.

Minn.St.1973, § 514.03, limited a mechanics lien to an area not to exceed 1 acre within an incorporated city or village. Because the tract of land in question was approximately 5 acres, the trial judge ordered the lien claimants to survey from the premises in question "a tract not exceeding one acre which tract shall include the store buildings the subject of the Mechanic's Lien, or if said store buildings exceed one acre, a tract including the store buildings the subject of the Mechanic's Lien." [1] Since the buildings in question could possibly exceed 1 acre and the entire tract of land was in excess of 1 acre, the trial judge properly ordered the survey to be done.

---

* Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.724, subd. 2.

1. Since the issue is not before us, we are not deciding any problem that might arise if the survey shows the building to exceed one acre.

■ The appellants object to the trial court's finding of priority of the lien claimants on the grounds that the lien claimants did not introduce evidence to show the nature or extent of the interests that appellants might have in the land. It should be noted in this connection that at trial none of the appellants introduced any testimony as to the nature or extent of their interests in the land or as to the time at which the interests accrued. It was only from an examination of the pleadings that the trial court could ascertain their relative interests. An examination of the entire record indicates that the trial court made a proper adjudication of the priority of the two lien claimants.

A.E.R., Inc., admits on appeal that interest on the amount of its lien should accrue from December 10, 1974, rather than from July 12, 1973, as indicated in the judgment. As to this portion of the appeal, the case is remanded to the trial court for correction of its judgment to indicate that A.E.R., Inc., is entitled to accrue interest from December 10, 1974. Notwithstanding the partial remand, both lien claimants are entitled to costs and disbursements on this appeal.

Affirmed in part and remanded with directions.

YETKA, J., took no part in the consideration or decision of this case.